UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENZEL SIMMONS #795035,

    Petitioner,

v.                                                     Case No. 2:16-CV-126

DANIEL LESATZ,                       HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S HABEAS PETITION

Petitioner, Denzel Simmons, has filed a habeas petition pursuant to 28 U.S.C. § 2254. The matter was referred to U.S. Magistrate Judge Maarten Vermaat, who issued a Report and Recommendation (R & R), recommending that the Court deny Simmons' petition and deny him a certificate of appealability. (ECF No. 27.) Simmons filed objections to the R & R. (ECF No. 28.) Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

To begin, Simmons' rambling objections are difficult to follow. He does not identify the specific findings that he is objecting to and makes new arguments that he did not raise before the magistrate judge. For example, Simmons argues for the first time in his objections that the oath given to some of the witnesses at trial did not comply with Mich. Comp. Laws § 768.15. Similarly,

when addressing Simmons' juror bias ineffective assistance of counsel claim, the magistrate judge found that Simmons had not presented any fact and "simply claim[ed] there was a bias juror." (ECF No. 27 at PageID.2529.) In his objections, Simmons identifies three allegedly biased jurors. Simmons did not identify these jurors in briefing before the state court. Nor did he identify the jurors in briefing before the magistrate judge.  The Court finds that Simmons has waived these arguments, and the Court declines to address new arguments that were not raised before the magistrate judge.  *See Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Despite the confusing objections, the Court will attempt to address Simmons' arguments to the extent that they are coherent. Simmons argues that the state trial court judge miscalculated several offense variables and made factual findings that increased his sentence.  After *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015), a Michigan trial court's imposition of a sentence is "an exercise of the court's discretion."  *Holder v. Jackson,* No. 1:17-cv-408, 2017 WL 3205762 at *4 (W.D. Mich. July 28, 2017). "Facts that the trial court may have found in support of its exercise of discretion do not implicate the Sixth Amendment."  *Id*.  In the instant case, the state trial court ruled on remand that it would have imposed the same sentence under the discretionary sentencing guidelines. Therefore, "[a]ny Sixth Amendment problem created by *mandatory* sentencing guidelines at [Simmons'] initial sentencing hearing was corrected on remand." (ECF No. 27 at PageID.2510) (emphasis in original).

Simmons argues that the prosecutor committed misconduct and fraud upon the state trial court.  To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S. Ct. 1868,

2

1871 (1974).  Simmons contends that the prosecutor implied facts and misled the jury. The prosecutor is permitted to make reasonable inferences from the evidence. *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000).  The magistrate judge found that the prosecutors alleged misconduct did not rise to level of a due process violation.  In his objections, Simmons argues that the prosecutor lied when he told the jury that the victim was shot twice in the back when the victim was shot only once in the back hip.  The prosecutor did not commit misconduct because the victim testified at trial that he was shot twice in the back. (ECF No. 24-11 at PageID.1023.) Simmons also suggests that the prosecutor did not provide timely discovery. But the prosecutor turned over all of the discovery to Simmons' defense attorney. (ECF No. 24-10 at PageID.875.) Accordingly, the Court finds that the Simmons is not entitled to habeas relief on this issue.

Simmons argues that he received ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).  Simmons alleges that he asked the state trial court for a new attorney several times because there was a breakdown in the attorney-client relationship. The fact that Simmons asked for a new attorney but was not provided one does not mean that he received ineffective assistance of counsel.  "[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151, 126 S. Ct. 2557, 2565 (2006).  Furthermore, Simmons has not shown that he received ineffective assistance of counsel because his trial counsel's conduct was not professionally unreasonable and Simmons did not suffer prejudice as a result. Simmons' defense attorney "faced a difficult task."  (ECF No. 27 at PageID.2530.)  Simmons told police that he was

present at the scene of the crime with the gun. Although Simmons claimed that he was not the shooter, several witnesses testified otherwise.

Lastly, Simmons argues that the jury instructions violated his due process rights. To succeed on a jury instruction claim, a habeas petitioner must show that the erroneous instruction so infected the entire trial that the resulting conviction violated due process. *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S. Ct. 475, 482 (1991). Simmons contends that it was a reversible error that the jury was instructed that "the law presumed assault with the intent to murder for just firing a gun four times." (ECF No. 28 at PageID.2541.) Here, the "instruction" that Simmons complains of was never given to the jury. Instead, Simmons is referring to a statement made by the prosecutor in her opening statement. (ECF No. 24-10 at PageID.896.) When instructing the jury, the trial court judge stated that it was his duty to instruct the jury on the law and the jury should not to follow any conflicting statement on the law made by the lawyers. (ECF No. 24-12 at PageID.1125.) Because the jury was never instructed as Simmons contends, he has not shown that he is entitled to habeas relief on the jury instruction claim.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Simmons has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529

U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467.  Therefore, the Court has considered Simmons' claim, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Simmons' claim was debatable or wrong. Thus, the Court will deny Simmons a certificate of appealability.

## CONCLUSION

Having reviewed Simmons' objections and finding no basis for habeas relief,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 27) is adopted as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Simmons' habeas corpus amended petition (ECF No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** by this Court.

A separate judgment will enter.

This case is **concluded**.

Dated: May 4, 2021              /s/ Gordon J. Quist
                              GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE